908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ronald D. MENARD, Defendant/Appellant.
 No. 89-2842.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided July 18, 1990.
 
 Before RICHARD A. POSNER, DANIEL A. MANION, and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Ronald Menard challenges his conviction for the armed robbery of a federally insured credit union. He was found guilty after a jury trial before Judge Baker and sentenced to 22 years on the bank robbery charge (18 U.S.C. Sec. 2113(d)) and 5 years (served consecutively) for using a firearm during the commission of a crime of violence (18 U.S.C. Sec. 924(c)). Menard contends that the judge made the following two errors: (1) he allowed the bank teller (the sole eyewitness to the crime) to use a stopwatch during her direct testimony to demonstrate how much time she had to observe the robber during the holdup; and (2) he sentenced the defendant to a consecutive five year term for using a firearm during the commission of a felony after enhancing the underlying robbery sentence on the same grounds.
 
 
 2
 The robbery in question occurred at about 2:30 p.m. on December 13, 1988. Jackie Benscoter, a teller at the River Valley Credit Union, testified that a man appeared at her counter, pulled a gun, and told her to give him all of the money in her drawer. She described the robber to the police as a white male, approximately 5' 7" tall, 140 pounds, with an unshaven face and brown hair worn in a ponytail tucked under a baseball cap. She also gave a general description of the robber's clothing.
 
 
 3
 Benscoter went to the police station the next day and helped put together a composite sketch of the robber. She viewed approximately twelve mugshots and selected Menard's as looking the most similar to the robber, although she could not at that time positively identify him. On January 14, 1989, the police conducted a physical line-up that included Menard. Benscoter picked Menard from the line-up as the man who robbed the credit union a month earlier. She also identified clothing recovered from Menard's residence as similar to the clothing the robber was wearing on the day of the robbery.
 
 
 4
 On direct examination, Benscoter testified that she was able to observe the robber for approximately thirty to sixty seconds during the robbery. The prosecutor, Thomas Karmgard, took off his wristwatch, handed it to Benscoter, and asked her to demonstrate for the jury the amount of time she had to observe the robber. Defendant's counsel, Richard Chapin, objected to this demonstration on the grounds that it was unreasonably prejudicial since it would not accurately portray the same conditions that existed during the robbery. The objection was overruled, and Benscoter proceeded with the demonstration. Benscoter's in-court demonstration showed that the robbery took approximately thirty-five seconds.
 
 
 5
 On cross-examination, Benscoter admitted that she was in an extreme emotional state during the robbery, that she experienced a temporary black-out during which time she lost her peripheral vision, that she felt weak-kneed and was afraid of fainting, and that after the robbery her hands shook so hard that she was unable to write. Defense counsel also made it clear that Benscoter looked away from the robber frequently during the thirty-five seconds in order to empty her drawer and turn over the money to the robber.
 
 
 6
 During the government's closing argument, the prosecutor reenacted the time demonstration (without defense objection), stopping for approximately thirty seconds to allow the jury to experience again the time period in question. During defendant's closing argument, counsel emphasized that these two demonstrations were misleading because the conditions in court were unlike those experienced by Benscoter during the course of the robbery. Menard was found guilty on both counts. This appeal follows Menard's timely filing of a notice of appeal.
 
 II.
 
 7
 Menard argues first that the prejudice from the time demonstration outweighed its probitiveness in violation of Fed.R.Evid. 403. Decisions to admit evidence under Fed.R.Evid. 403 are left to the sound discretion of the trial judge. United States v. Sophie, 900 F.2d 1064, 1074 (7th Cir.1990). Such decisions are reversed on appeal only if defendant can demonstrate an abuse of discretion. Id.
 
 
 8
 Menard claims that the in-court demonstration failed accurately to reenact the conditions as they existed in the credit union the day it was robbed. Thus, he argues that "[t]he use of the stopwatch obviated th[e] risk [that Benscoter's identification would be unpersuasive] by artificially isolating the element of time from the circumstances of the robbery." The jurors, he claims, could not help but accord improper weight to her identification after this unfair demonstration. The government responds that any undue weight given to this demonstration was obviated by the defendant's cross-examination of Benscoter and defense counsel's statements during closing arguments highlighting the unreliability of her identification.
 
 
 9
 It is clear that the demonstration did not reenact with exact detail the conditions the teller faced at the credit union, but no in-court demonstration would meet this high standard. The decision to allow or disallow the demonstration was within the discretion of the judge in this case. Menard fails to show that the trial judge abused his discretion in allowing the time demonstration. See United States v. Di Canio, 245 F.2d 713, 714 (2d Cir.1957) (claim that 38-second stopwatch demonstration during prosecutor's closing argument was prejudicial rejected as frivolous); cf. Pregeant v. Pan American World Airways, 762 F.2d 1245, 1248 (5th Cir.1985) (no abuse of discretion in allowing an in-court 20-second time demonstration by psychiatrist testifying about pre-impact panic suffered by plaintiffs just before their airliner crashed). The use of the time demonstration was proper and there was no error.[1]
 
 
 10
 Menard's second argument is equally unavailing. He contends that the court erred when it sentenced him to a five year consecutive term of imprisonment for using a firearm during the commission of a felony after his underlying robbery conviction had been enhanced on the same grounds. The government correctly notes that this court in United States v. Harris, 832 F.2d 88, 90 (7th Cir.1987) specifically rejected a claim that the defendant could not be sentenced for both armed bank robbery and using a firearm during the commission of a crime. Section 924(c) specifically provides for this possibility.[2] Menard does not cite Harris, let alone attempt to distinguish its application.
 
 III.
 
 11
 Menard's conviction and sentence in this case are
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In his brief, Menard's appointed counsel adds to the "prejudice" argument the claims that the judge should have excluded the time demonstration on two additional grounds: (1) it was not relevant; and (2) it was improper opinion evidence. Not having raised these grounds in his objection at trial, Menard has waived them. United States v. Carroll, 871 F.2d 689, 691 (7th Cir.1989) (specific grounds for objection necessary to preserve issue for appeal). If an issue is not properly preserved, defendant must show plain error; i.e., defendant must show that, but for the introduction of the objectionable evidence, he would probably have been acquitted. Id. at 962. The time demonstration in Menard's case cannot be characterized as plain error; a review of the record reveals that Menard would have suffered the same consequences had the demonstration not occurred
 Along these same lines, Menard filed with this court on May 4, 1990, a motion to substitute appellate counsel on the ground that counsel failed to raise a "sufficiency of the evidence" claim on appeal. Counsel responded that his attack on the time demonstration essentially focused on the sufficiency of Benscoter's identification of Menard, and that Menard's dispute with him was "a matter of degree, not kind." As counsel correctly maintained, the issue was one of trial error, rather than sufficiency of the evidence. Defendants do not have carte blanche with regard to appointment of attorneys to represent them. We deny Menard's request for a change of counsel.
 
 
 [2]
 Section 924(c) provides, in part, the following: "Whoever, during and in relation to any crime of violence ... including a crime ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years."