UNITED STATES of America,
Plaintiff–Appellee,

v.

Alphonso WRIGHT, Defendant–
Appellant.

No. 89–3410.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 12, 1990.

Decided Sept. 16, 1991.

Brian P. Netols (argued), Office of the U.S. Atty., Crim. Div., and Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Jonathan M. Minkus and Raymond G. Bendig (argued), Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, and FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

A task force was assembled to conduct an investigation into crack cocaine sales occurring on Chicago's south side. The task force, which included members of the Chicago police department, entered into undercover purchases, recorded conversations, and conducted surveillance to investigate street dealing.

As a result of this investigative operation, Alphonso Wright was convicted of selling crack cocaine on two occasions. The first sale took place on August 1, 1988. On that evening, two undercover police officers, Officer Sharon Wise and Officer Regina Joanes, cruised south on Greenwood towards 44th Street hoping to make a narcotics purchase. One of the officers saw defendant Wright standing near the corner of 44th and Greenwood. When a juvenile, Roy A. Gill, Jr., approached their car, Officer Joanes signalled to the youth that she wanted to purchase a bag of crack cocaine. Before responding, Gill turned to look at defendant Wright; after defendant Wright nodded his head up and down, Gill proceeded to the officers' car. Gill handed a bag

of crack cocaine to Officer Joanes and she handed him $20.00 cash. Wright, who was standing near the passenger side of the car where Officer Joanes was seated when this transaction occurred, commented to her, "I like those big legs." After this contact with Wright the officers left the scene. Four other police officers maintained surveillance during the transaction and confirmed that defendant Wright was at the scene of the August 1, 1988, transaction.

Another transaction took place on October 6, 1988, when defendant Wright sold crack cocaine to undercover police officer Eugene Shepherd. Officer Shepherd set up drug buys as part of the undercover operation and made himself known in the area of 44th and Greenwood as "Geno," a frequent purchaser of crack cocaine. The following series of incidents led to the October 6 purchase.

Earlier in September, Officer Shepherd was in the vicinity of 44th and Greenwood looking for a street dealer known as "Mooky." Shepherd tried to contact Mooky through use of a pager. His attempts went unrewarded until September 10, 1988, when the page was answered, not by Mooky, but by defendant Wright. Officer Shepherd and Wright had met previously at 44th and Greenwood. Wright spoke with Officer Shepherd and the entire telephone conversation was recorded. During their conversation, Shepherd attempted to set up a purchase of more than the small individual-user quantities of crack cocaine and indicated to Wright that he wanted to learn to "cook" cocaine into crack. Defendant Wright was wary during the forty-five minute conversation. Nevertheless, he offered detailed and accurate instructions on how to "cook" cocaine. Officer Shepherd referred to defendant Wright eleven times during the conversation as "Alphonso" or "Fonso." Defendant Wright did not deny that he was Alphonso. Wright also discussed with Officer Shepherd different ways that a deal could be structured to minimize the risk to both of them. To that effect, Wright said:

> Yeah. But see man the way it is now, man, I don't know who to trust, but just like I say, you know, I'm going to talk to my boy that you know would take chances like this cause you know if the wall fall down on them it would be his first offense so, you know.

At the end of the conversation, Wright agreed to set up a deal, "All right, all right then, man. I'll see what I can do you, man, I'm gonna try to set something up man. Take a chance ... I'm gonna set it up where therefore, you know, when you come with the dough, your stuff is there. Cash and carry."

On October 6, 1988, Officer Shepherd met Wright on the corner of 44th and Greenwood. Shepherd said he wanted to buy thirty-five $20.00 bags of crack cocaine. Wright told Officer Shepherd to "wait here," Wright left and quickly returned carrying a plastic bag in his hand that contained ten grams of crack cocaine. On the way back to Shepherd's car, Wright met up with Mooky, Wright handed the bag to Mooky and Mooky handed it to Officer Shepherd. Shepherd gave Mooky $700.00. Mooky took the money and gave it to Wright, who put the money in his pants pocket and left.

Alphonso Wright was ultimately arrested and charged with drug offenses arising out of conduct which occurred on August 1 and October 6 of 1988. A jury convicted him on two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly and intentionally using a person under eighteen years of age to distribute crack cocaine in violation of 21 U.S.C. § 845b.

Defendant Wright raises two evidentiary issues which merit discussion in this appeal. He argues that the district court improperly admitted evidence of a prior narcotics arrest under Federal Rule of Evidence 404(b), and he claims that the court also admitted irrelevant evidence in the form of the tape recorded conversation that took place between him and Officer Shepherd.

Those seeking to overturn a conviction on the basis of discretionary evidentiary decisions by the district court face a difficult challenge. Because of the unique van-

tage point of the district judge, we defer to his or her discretion on evidentiary rulings and we will not reverse the district judge's decision to admit evidence absent an abuse of that discretion. *United States v. Sullivan*, 911 F.2d 2, 6 (7th Cir.1990). With this in mind we look to the evidentiary rulings contested by the defendant.

■ The government filed a pretrial motion *in limine* seeking a ruling under Rule 404(b) on the admissibility of the evidence of the prior narcotics arrest of defendant Wright.

The facts surrounding the arrest on July 25, 1988, are as follows. An undercover police officer, acting on a tip, went to South 44th Street and Greenwood in search of a black male named Alphonso who was selling crack cocaine. The officer located the car that Alphonso was driving, watched defendant Wright get out of the car carrying a brown paper bag, and ordered him to stop. Wright ignored the officer, and threw down the paper bag. The officer recovered the bag; he saw inside what appeared to be a large quantity of crack cocaine packaged in individual user-size packets apparently ready for distribution. He placed defendant Wright under arrest. Wright was not charged with this offense in the case now under review.

In seeking to have the foregoing conduct admitted into evidence, the government initially claimed that the facts surrounding the July 25th arrest demonstrated "classic evidence of a plan ... [a]nd identity." The court responded,

> 404 'other acts' are admissible in evidence in order to show [plan and identity]. What I generally do is I admonish the jury that they are to consider it for that limited purpose only and not the fact that he committed the acts as charged in this indictment. But, here, again, if there is an issue as to identity, obviously it goes in on that, and to show plan or motive.

Counsel for defendant argued that the evidence relating to the July 25th narcotics arrest revealed a case of simple possession of drugs, which was in no way related to the subsequent sales of narcotics alleged in

this case. The government countered that the bag dropped by defendant Wright contained fourteen grams of crack cocaine already packaged into small baggies ready for individual-user consumption—approximately fifty small rocks.

The court then found, based upon what it "knows about this case from reading the file that the prejudicial effect, while it is prejudicial, does not outweigh the probative value if identity is an issue." The court indicated that an admonition should be read to the jury prior to the introduction of the evidence. The judge also agreed that the government could make reference to the July 25th evidence in its opening statement if the government made "crystal clear in [its] opening statement that [the evidence] is being introduced ... for the limited purpose of identity and plan and not to show any propensity ... to commit the acts charged in this indictment."

Before the government introduced evidence of the prior arrest, the court told the jury that the testimony could be considered only for a limited purpose of showing "the defendant's identity or plan and not for the purpose of proving the defendant's propensity to commit the acts that are charged in this indictment. So you will receive this testimony only for that limited purpose." A limiting final instruction was given to the jury which stated,

> You have heard evidence of the defendant's possession of cocaine based on July 25, 1988, an act of the defendant other than those charged in the indictment. You may consider this evidence only on the questions of motive, identity and plan. This evidence is to be considered by you only for these limited purposes.

"When the same evidence has legitimate and forbidden uses, when the introduction is valuable yet dangerous, the district court has great discretion." *United States v. Beasley*, 809 F.2d 1273, 1278 (7th Cir.1987). Evidence of other crimes or wrongs inescapably "blackens defendant's character," but at the same time it may show one or more of the purposes for which, under Rule

404(b),[1] it is admissible. *Id.* at 1279. We review the record below for the proper exercise of discretion; the district judge must identify the Rule 404(b) exceptions which apply to the evidence in question and determine whether the probative value of the evidence will suffice "to make tolerable the risk that jurors will act on the basis of emotion or inference via the blackening of the defendant's character." *Id.* at 1279. We note that although we search the records for explanations of the judge's reasoning, we don't require that a district judge explain the obvious. *Id.* at 1280.

We find adequate information in the record of this case explaining the government's theory of how the evidence of the prior narcotics arrest demonstrates a plan, and why the district court admitted the evidence on that basis under Rule 404(b). *United States v. Shackleford,* 738 F.2d 776, 779 (7th Cir.1984) (evidence must be directed to showing an issue other than defendant's propensity to commit the crime charged). Moreover, the district court provided jurors with limiting instructions which restricted their consideration of the evidence to the issues of plan, motive and identity. *See United States v. Binkley,* 903 F.2d 1130, 1136 (7th Cir.1990) (even if district court could have made its decision on motion *in limine* more explicit, no abuse of discretion because limiting instruction to jury cured failure to specify reasons). Having established the Rule 404(b) exception which applies, it is then our task to determine if it was an abuse of discretion for the district judge to permit the jury to consider the evidence of the July 25th arrest for that purpose. To make that determination, we apply the Supreme Court analysis set forth in *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The threshold inquiry for admission of such evidence under 404(b) is whether the evidence is probative of a material issue other than defendant's character. *Huddle-*

*ston,* 485 U.S. at 686, 108 S.Ct. at 1499. The government claims that Wright had a general plan to distribute crack cocaine in a specific geographic area, and that he chose to execute his plan through third parties who would perform the exchange of crack cocaine for money. Wright's possession of many individual packets of crack cocaine on July 25 near 44th and Greenwood provided evidence of a general plan to distribute crack cocaine to individual users in that specific area. Thus we find that this "other acts" evidence is probative of Wright's general plan to distribute individual user-size quantities of crack cocaine to purchasers in the area of 44th and Greenwood. *United States v. Elizondo,* 920 F.2d 1308, 1320 (7th Cir.1990) (*Shackleford* requires only that the charged and uncharged prior events have sufficient points in common to show a common plan). The threshold inquiry under *Huddleston* is met.

The second inquiry, under *Huddleston,* is whether the evidence is relevant. *Huddleston,* 485 U.S. at 689, 108 S.Ct. at 1501. In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that defendant was the actor. *Id.* The similar act in question was that a person identified as Alphonso Wright was in possession of a large quantity of crack cocaine at 44th on Greenwood. The cocaine was packaged in small amounts ready for distribution to individual purchasers. This activity occurred only a few days before Wright sold crack cocaine to undercover officers. Based upon these facts, a jury could reasonably conclude that the acts occurred and defendant was the actor. Under the *Shackleford* analysis there is a further relevancy requirement, that the act be "similar and close enough in time to be relevant." *United States v. Khorrami,* 895 F.2d 1186, 1193–94 (7th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 522, 112 L.Ed.2d 533 (1990); *United States v. Jackson,* 886 F.2d 838, n. 11 (7th Cir.1989). The

---

1. FED.R.EVID. 404(b) states:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible

   for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

facts just described speak for themselves; the acts at issue were similar and close enough in time to the charged acts to be relevant under the *Shackleford* relevancy requirement.

Federal Rules of Evidence 403 and 105 are the final two sources of protection against unfair prejudice described in *Huddleston.* Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by unfair prejudice" and Rule 105 provides that upon request, the judge must instruct the jury to consider evidence only for its proper purpose. We agree with the district judge that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. The evidence of the prior arrest was prejudicial but not unfairly so, and given the fact that it was not the type of conduct likely to inflame the passions of the jury, it did not substantially outweigh the probative value relating to a common plan. *United States v. Scop,* 940 F.2d 1004, 1009 (7th Cir.1991) (evidence not unduly prejudicial, "it concerned truly similar activities rather than inflammatory criminal acts."). Furthermore, we note that the judge gave a limiting instruction to jurors when the evidence was introduced and thereafter in the court's charge to the jury at the close of the case. *See United States v. Penson,* 896 F.2d 1087, 1093 (7th Cir.1990) (jury instruction mitigates possible prejudice to defendant arising from admission of Rule 404(b) evidence); *United States v. Mazzanti,* 888 F.2d 1165, 1172 (7th Cir.1989) (danger of unfair prejudice minimized by instruction to jury to restrict their consideration of 404(b) evidence to purpose for which it was offered), *cert. denied,* —— U.S. ——, 110 S.Ct. 2167, 109 L.Ed.2d 497 (1990). We do not find an abuse of discretion in the district judge's decision to permit this evidence to be considered by the jury.

Wright filed a pretrial motion *in limine* to exclude from evidence the September 10, 1988, recorded telephone conversation because he claimed that it was irrelevant in proving the crimes charged. Defendant Wright cited Federal Rule of Evidence 401 to support his contention, but the district court denied his motion *in limine* with respect to this evidence.

Rule 401 states that, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Wright discussed with Officer Shepherd how the two could set up a sale of crack cocaine to insulate both from arrest. Wright also agreed to try to find the larger quantity of crack cocaine to sell to Officer Shepherd. It is manifest that the tape recording, taken as a whole, was relevant to the narcotics charges against defendant in this case; its admission into evidence was proper under Rule 401 and not an abuse of discretion.

For the reasons discussed in the foregoing opinion, we AFFIRM the conviction of Alphonso Wright on all counts.