UNITED STATES of America, Plaintiff–Appellee,

v.

D'Andre LAMPKINS, David D. Reed and Stephen D. Bright, Defendants–Appellants.

Nos. 94–1748, 94–1752 and 94–1761.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1994.

Decided Jan. 18, 1995.

Certiorari Denied in No. 94–1748 April 3, 1995.

See 115 S.Ct. 1440.

Robert T. Coleman, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for the U.S.

Curtis L. Blood (argued), Collinsville, IL, for D'Andre Lampkins.

Michael W. Ochoa (argued), Springfield, IL, for David D. Reed.

Suzanne Philbrick (argued), Chesterton, IN, for Stephen D. Bright.

Before CUDAHY, ESCHBACH and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

This case concerns a drug conspiracy involving three defendants who were charged and tried together in one consolidated action. The defendants were all charged and convicted of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. In addition, defendant Reed was found guilty of causing bodily injury to a government witness in retaliation for testifying in a separate case, and defendant Bright was convicted of separate acts of delivery of cocaine base.

Lampkins, Reed and Bright now appeal the jury selection process in their trial, arguing that a potential juror was impermissibly stricken for reasons of gender discrimination. Bright also raises separate issues on appeal, questioning the sufficiency of the evidence on which he was convicted of conspiracy, the admission of certain testimony and the district court's failure to reduce his sentence for minimal planning under the United States Sentencing Guidelines § 3B1.2(b). We affirm.

### I. Gender Bias in Jury Selection

The defendants first argue that the district court should not have allowed the government's peremptory challenge to a potential juror. The juror in question, Ms. Rose, was the only African–American candidate for the jury. She had both an uncle and former boyfriend who had been convicted for dealing cocaine, was the only potential juror who had seen crack cocaine and had another uncle

and a cousin who were police officers. The government moved to strike her, and, recognizing the potential for a racial discrimination objection, volunteered a race neutral explanation for the strike. The prosecutor stated that:

> [She] is the only black prospective juror we have. She testified that she had both an uncle and boyfriend who had been convicted of crack cocaine.
>
> It has been my experience in talking to the various witnesses in this case and in other cases that females are sometimes taken advantage of by their boyfriends that are involved in crack cocaine. That they, in fact, do know about it and sometimes help in those instances. And my reason for striking her is strictly based on my experience with regard to girlfriends of crack cocaine dealers and the fact that she has two people who are very close to her who have been convicted of crack cocaine, and I think that is a racially neutral reason for striking her.

Voir Dire Tr. at 55. The defendants claim that this statement shows a gender-based intent to discriminate.

■ However, before we reach the merits of this claim, we must first consider whether the defendants have waived their right to raise this issue on appeal by failing to raise it before the district court. The defendants objected in the trial court to the peremptory challenge on the grounds that it was racially discriminatory. They did not, however, raise the issue of gender discrimination prior to this appeal. To preserve an issue for appellate review, a party must make a proper objection at trial that alerts the court and opposing party to the specific grounds for the objection. *United States v. Chandler*, 12 F.3d 1427, 1431 (7th Cir.1994); *United States v. Wynn*, 845 F.2d 1439, 1442 (7th Cir.1988). This court has "continually insisted on clear and timely preservation of alleged error in the trial court." *Chandler*, 12 F.3d at 1431.[1] Thus the defendants' fail-

---

1. The defendants allege that the fact that the government raised the issue of race discrimination by *volunteering* a race-neutral explanation

freed the defendants from any obligation to object. Even assuming that this is correct, it only would free the defendants from the necessity of

ure to raise the issue of gender discrimination constitutes a waiver of their right to raise it on appeal and we review the district court's decision only for plain error. *See* Fed.R.Crim.P. 52(b) (issues that have not been raised at the trial level may be reviewed for plain error if they affect substantial rights).[2]

■■■ We do not find the district court's conclusion here to be plain error. The defendants are correct that discrimination in jury selection on the basis of gender violates the Equal Protection Clause of the Constitution. *J.E.B. v. Alabama,* ——— U.S. ———, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). However, a prosecutor may permissibly strike a prospective juror on the grounds that close relatives or friends have been convicted of the very crime at issue. *See United States v. Hughes,* 970 F.2d 227, 231 (7th Cir.1992) (strike of venireperson because cousin had drug conviction was race neutral and permissible); *United States v. Yankton,* 986 F.2d 1225, 1231 (8th Cir.1993) (same); *United States v. Bennett,* 928 F.2d 1548, 1551 (11th Cir.1991) (same). The reason for the strike need merely "be based on a juror characteristic other than gender, and the proffered explanation may not be pretextual." *J.E.B.,* ——— U.S. at ———, 114 S.Ct. at 1419. Further, explanations "may include a prosecutor's intuitive assumptions that are not fairly quantifiable," *Williams v. Chrans,* 957 F.2d 487, 490 (7th Cir.) (internal citations omitted), *cert. denied,* ——— U.S. ———, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992), and "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race [or gender] neutral." *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866–67, 114 L.Ed.2d 395 (1991); *see also United States v. Marin,* 7 F.3d 679 (7th Cir.1993), *cert. denied,* ——— U.S. ———, 114 S.Ct. 739, 126 L.Ed.2d 702 (1994).

■■■ A discriminatory purpose or intent implies that the individual selected a "course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* (internal citations omitted). The government here struck the juror because she had an ex-boyfriend and an uncle who had been convicted of distribution of crack cocaine. While the proffered explanation might arguably appear sexist, and the nuances of the prosecutor's logic might be questionable, the explanation did not have an inherent discriminatory purpose. Ms. Rose was not stricken solely because she was a "girlfriend," i.e. female, but because she was a girlfriend of a convicted cocaine user. Challenging a potential juror because she has a relationship with a convicted drug dealer is a gender neutral, acceptable reason for the strike and we do not find it to be plain error.

## II. Sufficiency of the Evidence

Defendant Bright also argues that there is insufficient evidence to convict him of involvement in the conspiracy. In deciding this issue, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rosalez–Cortez,* 19 F.3d 1210, 1215 (7th Cir.1994) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). "We may overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.*

Bright argues that the evidence is only sufficient to establish that he sold and used cocaine, which he himself admits, but that the evidence does not establish that he was a member of a conspiracy. To prove that

---

objecting to race discrimination. The government, like the defendants, did not mention gender discrimination and thus the trial court was never given the opportunity to rule on the issue and the issue was not preserved for review.

**2.** We note that the Ninth Circuit has ruled on at least two gender discrimination claims where the objection of gender discrimination appears not to have been made until the appeal. *See United* States v. Omoruyi,* 7 F.3d 880 (9th Cir.1993); *United States v. De Gross,* 960 F.2d 1433 (9th Cir.1992). The Supreme Court did not rule that gender discrimination was grounds for objecting to a peremptory jury challenge until 1994 in *J.E.B. v. Alabama,* ——— U.S. ———, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), but this does not excuse the defendants' failure to make an objection on that ground in the district court.

Bright was part of a conspiracy, the government was required to prove that there was an agreement between Bright, Lampkins and Reed to commit a crime, and that Bright was a party to that agreement. *Id.* Such an agreement is "typically distinguished by cooperative relationships between the parties that facilitate the achievement of the goal." *United States v. Townsend*, 924 F.2d 1385, 1395 (7th Cir.1991).

■ The evidence supports the government's argument that Bright was indeed a member of the conspiracy. Bright himself admits that there was evidence presented at trial by at least four witnesses who had seen Bright receiving drugs from Lampkins a number of times. There was also testimony by a number of witnesses that Bright was known to be a drug "runner" for Lampkins and Reed and that he had been observed talking about drug dealing and exchanging drugs and money with Lampkins, Reed and another participant known as "Williams." Viewing this evidence in the light most favorable to the government, we find that a rational trier of fact could have found Bright to be a member of the conspiracy beyond a reasonable doubt and thus that the evidence was sufficient to support his conviction.

III. Testimony of Williams and Reed

Bright next argues that the testimony of Alfred Williams and Shirley Reed should not have been admitted at trial. Both testified that they purchased cocaine from Bright. Williams testified that he bought cocaine from Bright "probably over a hundred" times during 1992 and 1993, and Reed testified that she bought cocaine from Bright on a monthly basis during 1991. Bright was charged with conspiracy to distribute and knowingly and intentionally possess with intent to distribute cocaine base from March 1992 to April 1993. He argues that because Williams' and Reed's testimony involves acts before the start of the charged conspiracy, it was inadmissible under Federal Rule of Evidence 404(b).

Rule 404(b) provides that

Evidence of other crimes, wrongs or acts is not admissible to prove a character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The district court found that the testimony of Williams and Reed was admissible under Rule 404(b) because it showed knowledge and intent, and the court gave a limiting instruction to the jury admonishing it only to consider the testimony for that purpose. Tr. at 210–211.

■ We would normally review this ruling under an abuse of discretion standard. *See, e.g., United States v. Koen*, 982 F.2d 1101, 1116 (7th Cir.1992); *United States v. Connelly*, 874 F.2d 412, 415 (7th Cir.1989). However, we must first consider the government's argument that the defendant has waived his right to raise this issue because he failed to object to the testimony at trial. Bright admits that he failed to object to the testimony at trial, raising it only in his post-trial motion for a new trial. Raising the issue in his post-trial motion "does not cure his waiver of the objection by failing to raise it at trial." *United States v. Huels*, 31 F.3d 476, 479 n. 1 (7th Cir.1994). Therefore, we review the district court's decision for plain error only. *Id.*

■ This court has established a four part test governing the admission of evidence under Rule 404(b). We must consider whether (1) the evidence is directed toward establishing a matter in issue other than the defendants' propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the defendants committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. *See, e.g., United States v. Levy*, 955 F.2d 1098, 1102 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 102, 121 L.Ed.2d 62 (1992); *United States v. Sullivan*, 911 F.2d 2, 6 (7th Cir. 1990).

■ The district court instructed the jury that the testimony of Reed and Williams was offered not to show propensity, but to show

knowledge and intent. We do not find that conclusion to be plain error. Evidence of prior bad acts that occurred before the start of the conspiracy is admissible in this Circuit to establish specific intent, even if the defendant concedes intent, if the evidence satisfies other conditions of admissibility. *United States v. Brown*, 34 F.3d 569, 573 (7th Cir. 1994). Conspiracy to possess with intent to distribute cocaine is a specific intent crime. *United States v. Mounts*, 35 F.3d 1208, 1215 (7th Cir.1994). Thus the evidence is directed toward establishing an issue other than propensity and the first prong of the test is met.

The second and third parts of the test are also satisfied. The acts to which Reed and Williams testified were drug sales by Bright within a year of the official start of the conspiracy. These acts were substantially similar to the charged crimes and were close enough in time to be relevant to this case. *See, e.g., Mounts*, 35 F.3d at 1214 (attempted purchase of small amount of cocaine seven years before conspiracy was sufficiently similar and immediate under 404(b)). Further, both Williams and Reed testified to their personal, direct experiences with Bright, and their testimony is sufficient to support a finding by the jury that Bright did actually make these prior sales.

Finally, we find that the district court did not abuse its broad discretion in concluding that the probative value of the evidence was not outweighed by the prejudice to Bright. Drug sales taking place within a year before and during the conspiracy are probative of Bright's knowledge and specific intent to sell cocaine. Moreover, the district court gave a careful limiting instruction immediately after the questioned testimony, which cured any possible prejudice to Bright. *See Mounts*, 35 F.3d at 1215; *United States v. Rivera*, 6 F.3d 431, 444 (7th Cir.1993), *cert. denied*, — U.S. ——, 114 S.Ct. 1098, 127 L.Ed.2d 411 (1994). As a reviewing court we accord the trial court's assessment of the relative probative value and unfair prejudice great deference. *United States v. Koen*, 982 F.2d 1101, 1116 (7th Cir.1992). We thus find that the district court did not commit plain error in allowing the testimony of Williams and Reed. In any event, Williams' purchases covered the peri-od of the charged conspiracy and were in all probability admissible as directly relevant to the charges. The same might even be said of Reed's testimony, even though it covered a period slightly outside the precise parameters of the conspiracy as charged in the indictment.

## IV. Minor Participation

Finally, Bright argues that his sentence should have been reduced because he was only a minor participant in the conspiracy. The district court denied this reduction on the grounds that Bright's minor participation was already recognized by the low base-offense level of his sentence.

The district court could have based Bright's original offense level, and sentence, not only on amounts of cocaine with which he was directly involved but also as "relevant conduct" on amounts involved in transactions by co-conspirators that were reasonably foreseeable to him. *See, e.g., United States v. Zarnes*, 33 F.3d 1454, 1474 (7th Cir.1994); *United States v. Mojica*, 984 F.2d 1426, 1442–43 (7th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 2433, 124 L.Ed.2d 653 (1993). However, the court instead based Bright's offense level only on those acts in which Bright himself was involved. Thus Bright's total offense level was based only upon the amount of drugs that he himself "had his hands on," Tr. at 8, which was a much lower amount than the drugs handled by the conspiracy as a whole.

Given that it had already taken Bright's minor participation into account in this calculation of his offense level, the district court refused to allow further reduction for minor participation under § 3B1.2b. A district court's decision on minor participation is heavily dependent on the facts, and we review that decision only for clear error. *See, e.g., United States v. Durman*, 30 F.3d 803, 807 (7th Cir.1994). We do not find the court's failure to reduce Bright's sentence to be clearly erroneous.

Perhaps if Bright had been sentenced for all of the acts of the conspiracy, he would have merited a reduction for minor participation. However, given that he has already

received a lesser sentence imposed only for his own acts, we see no reason to require the district court to provide a further reduction for minor participation. Further, Bright was sentenced only for drugs that he himself handled, and it makes no sense to claim that one is a minor participant in one's own conduct.[3] Therefore, we affirm the district court's refusal to grant any further reductions.

AFFIRMED.

---

**3.** *See also* U.S.S.G. § 3B1.2, comment. (n. 4). Application Note 4 explains that a defendant who is convicted of less than his actual criminal conduct is not also entitled to a minor participation reduction because even if his conduct is less than that of his codefendants who are sentenced for the greater crime, it is not on the minor end of the crime for which he was sentenced. Bright's sentencing falls under this same logic. Although Bright was not convicted of a less serious offense, he was sentenced as if he had been. He received a lesser sentence because of his lesser role, and a further reduction was not warranted.