IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60528

Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

MARVIN JENKINS,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:95-CR-26LN)
_____
April 9, 1996
Before KING, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Marvin Jenkins appeals the sentence imposed on him after he

pleaded guilty to "uttering" a counterfeit security and to aiding

and abetting his co-defendant, Warren Clark, in the same offense.

Jenkins's appeal presents two issues: (1) whether the district

court erred by increasing his sentence for more than minimal

planning based on the fact that the offense as a whole involved

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

such; and (2) whether the court erred by not reducing his sentence for minor or minimal participation.

Section 2F1.1(b)(2) of the Sentencing Guidelines provides for enhancement if the offense of conviction involved more than minimal planning.  In this case, the offense of conviction included not only Jenkins's specific activities but also the contribution those activities made to the entire offense (involving the Great Western check) engineered by Clark.  Viewed in that light, the offense for which Jenkins was convicted clearly involved more than minimal planning, and the district court did not err in increasing Jenkins's sentence accordingly. See United States v. Scurlock, 52 F.3d 531, 540 (5th Cir. 1995).  Further, Jenkins's conduct was not minor with regard to the loss of the $9,305.79 (the amount of the Great Western check), and the district court did not err by denying a minor or minimal participant reduction.   See United States v. Lampkins, 47 F.3d 175, 180 (5th Cir.), cert. denied, 115 S. Ct. 1440 and 115 S. Ct. 1810 (1995).

AFFIRMED.

2