UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo J. LONG, Defendant–Appellant.

No. 95–2724.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1996.

Decided June 4, 1996.

Kathleen T. Zellner, Daniel F. DeLay (argued), Zellner & Associates, Naperville, IL, for Ricardo J. Long.

Stephen B. Clark, Thomas Leggans (argued), Office of U.S. Atty., Crim. Div., Fairview Hts., IL, for U.S.

Before FLAUM, MANION, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Ricardo J. Long appeals his convictions for drug trafficking and using or carrying a firearm in relation to drug trafficking on the ground that the district court improperly ad-

mitted "bad acts" testimony about a crack transaction in violation of Federal Rule of Evidence 404(b). We affirm.

## I.

On November 13, 1994, a police officer saw Long disobey a railroad crossing signal. Long obeyed the officer's signal to pull over, but sped away after the officer left his vehicle. The officer chased Long, who crashed his car into an apartment building, left the vehicle, and ran among the buildings in the apartment complex. The officer saw Long throw something from his side before he apprehended Long, and he found a .380 caliber semi-automatic handgun in the area in which he had seen Long do the throwing. Long had a holster which fit the gun and $449 on his person. In addition, the officer found a Tylenol bottle containing ten pieces of crack cocaine and a bag containing a small amount of marijuana on the driver's side floorboard of the car. Long later told federal agents that the crack cocaine was not his and that it must have come from a jacket a friend had stored in the car earlier. Further, he said the $449 represented his winnings from gambling at an East St. Louis club the previous night but could not name the club.

Long was charged with four counts. He pleaded guilty to Counts 1 and 2 (felon in possession of a firearm and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1)) and went to trial on Count 3 (possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1)) and Count 4 (using or carrying a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)). During the trial, the district court (over defendant's Rule 404(b) objections made prior to and during trial) allowed the government to introduce testimony from James Wimberly about a crack transaction that occurred in July, 1994. Long had turned stolen property over to police and filled out a statement that Wimberly had sold him the property for $40. Wimberly, to the contrary, asserted at trial that one of his friends (Warren Wagoner) had asked him to help deliver burglarized goods to Long. According to Wimberly, an-

other man (Eric Williams) drove Wimberly and Wagoner to Long's residence, where Wimberly watched Long pay Wagoner with crack cocaine rocks. Wagoner gave Wimberly three rocks for his assistance and Wimberly gave one of those to Williams. Wimberly also testified that he had bought crack from Long on several occasions. At the end of Wimberly's testimony and in the final jury instructions the court instructed the jury that it was to consider the evidence of this incident only for the purposes of establishing Long's knowledge, motive, and intent regarding the charged conduct.

Long was found guilty on both counts, and he now appeals the admission of Wimberly's testimony about the July 1994 incident.

## II.

■ This court reviews a district court's decision to admit evidence only for an abuse of discretion. *United States v. Curry,* 79 F.3d 1489, 1494 (7th Cir.1996). " 'The decision to admit evidence will be reversed only when it is clear that the questioned evidence had no bearing upon any of the issues involved at trial.' " *Id.* at 1494–95 (quoting *United States v. Torres,* 977 F.2d 321, 327 (7th Cir.1992)).

"Under Federal Rule of Evidence 404(b), evidence of other misconduct is not admissible to show that the defendant acted in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity." *United States v. Wilson,* 31 F.3d 510, 514 (7th Cir.1994). Rule 404(b) evidence is properly admitted if the court decides that:

(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Id.* at 514–15. Long concedes that the evidence was directed to a matter in issue other than his propensity to commit the crime charged, but he contends that Wimberly's testimony about the July 1994 incident fails on the remaining grounds and that these deficiencies entitle him to a new trial.

■ The government argues that Long has waived appellate review of the evidence's similarity and sufficiency because his Rule 404(b) objections before and at trial went only to the issues of timeliness and the reason for the introduction of the evidence. This is not a situation, however, where a defendant argues at trial that the evidence should be excluded but fails to cite Rule 404(b) as the basis of his objection until his appeal. Under those circumstances, the Rule 404(b) argument is waived. *See United States v. Carroll,* 871 F.2d 689, 691–92 (7th Cir.1989); *United States v. Wynn,* 845 F.2d 1439, 1442 (7th Cir.1988). To the contrary, in this case Long identified Rule 404(b) as the basis of his objection and thus sufficiently alerted the district court to the issue; "[a]fter all, the trial judge knew that Rule 404(b) was the relevant rule to consider, and waiver is a doctrine designed to protect the district court from being reversed on grounds it did not have a chance to consider." *United States v. Nolan,* 910 F.2d 1553, 1559 (7th Cir.1990), *cert. denied,* 499 U.S. 942, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991). We have previously considered Rule 404(b) factors not specifically identified at trial, *see, e.g., United States v. Torres,* 977 F.2d 321 (7th Cir.1992), and will do so in this case.

### A.

■ Long concedes that the evidence was introduced to establish a matter in issue other than his propensity to commit the crime charged, namely his knowledge, motive, and intent. Any argument on this point would contradict this circuit's rule that " '[w]hen a defendant is charged with a specific intent crime, the government may present other acts evidence to prove intent.' " *Curry,* 79 F.3d at 1495 (quoting *United States v. Smith,* 995 F.2d 662, 672 (7th Cir. 1993), *cert. denied sub nom. Marren v. United States,* —— U.S. ——, 114 S.Ct. 718, 126 L.Ed.2d 683 (1994)). Possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) is a specific intent crime. *Id.; United States v. Bastanipour,* 41 F.3d 1178, 1183 (7th Cir.1994).

### B.

■ Long suggests that, because no exchange of cash for cocaine occurred and the transaction involved only small amounts of crack cocaine, the July 1994 incident was not similar enough to the charged conduct to be admissible for the purpose of showing intent to distribute crack cocaine. Because he fails to argue that the four-month time lapse makes the matter irrelevant, he has waived that issue on appeal. *Curry,* 79 F.3d at 1495 n. 6. Further, this circuit's precedent would negate any such argument. *See, e.g., id.; United States v. Kreiser,* 15 F.3d 635, 640 (7th Cir.1994) (seven years not too long); *Torres,* 977 F.2d at 327 (two years); *United States v. York,* 933 F.2d 1343, 1349 (7th Cir.) (three years), *cert. denied,* 502 U.S. 916, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991).

■ Simple differences in the type of conduct or charge at issue cannot defeat the similarity requirement. "[T]his prong of our Rule 404(b) *analysis need not be unduly rigid:* we have stated that 'when evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent.... *The prior acts need not be duplicates of the one for which the defendant is now being tried.'* " *United States v. Lloyd,* 71 F.3d 1256, 1264–65 (7th Cir.1995) (quoting *York,* 933 F.2d at 1351). "[Q]uestions about 'how similar is similar enough' also do not have uniform answers; these answers too depend on the theory that makes the evidence admissible, and must be reached on a case-by-case basis. Thus, similarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Torres,* 977 F.2d at 326. In *United States v. Wright,* 943 F.2d 748, 751 (7th Cir.1991), for example, a defendant's previous arrest for possession of a large amount of crack cocaine in the same location was considered sufficiently similar to

be introduced in a subsequent prosecution for sale of cocaine. *See also United States v. Gregory,* 74 F.3d 819, 822 (7th Cir.1996) (affirming the admission of other acts evidence in a drug trafficking case where witness testified that she traded sexual favors to the defendant in exchange for crack; defendant did not contest similarity).

Moreover, Long fails to recognize that this court has previously affirmed the admission of testimony about other acts more dissimilar to the charged conduct than the two incidents involved in the instant case. In *Lloyd,* which involved a prosecution for possession of a firearm by a felon, the court affirmed the admission of testimony about the defendant's position as leader of a street gang, his employment of gang members as security guards, and two assassination attempts he had survived, as relevant to show the likelihood of his possessing a firearm. *Lloyd,* 71 F.3d at 1263–66. In *Torres,* where the defendant was on trial for retaliation against a federal witness after he verbally threatened to physically harm the witness and her father, this court affirmed the admission of two factually dissimilar incidents (defendant's shooting at a man inside a car wash and concealed weapons charges stemming from his suspected involvement in a street fight and possible shooting) because they shared the common characteristic of retaliatory motive. *Torres,* 977 F.2d at 327–28. *See also York,* 933 F.2d at 1348–52 (affirming admission of evidence about the unsolved murder of defendant's wife in prosecution for mail fraud after defendant attempted to collect on insurance policy for deceased partner).

In the instant case, Long was charged with possession of crack cocaine with intent to distribute, and the July 1994 incident could help show that Long regularly had more than "user" amounts [1] of crack cocaine and that he intended to exchange crack for his economic benefit. Thus, it possesses relevant similarities to the charged conduct. The fact that the testimony concerned a trade, rather than a sale, does not negate similarity because in this case the characteristics that determine similarity remain the same regardless of the type of transaction.

## C.

■ Long also asserts that Wimberly's testimony was insufficient to support a jury finding that Long actually traded crack cocaine for stolen property because the statements Wimberly, Wagoner, and Williams gave police contradict Wimberly's testimony; Wimberly received crack from Wagoner rather than Long; and "none of the participants involved in delivering or selling the stolen property to defendant indicate that defendant actually distributed crack cocaine to them." He also suggests that Wimberly's testimony was unreliable. At trial Wimberly testified that he watched Long give the crack to Wagoner before Wagoner gave some to Wimberly, and he was cross-examined about his testimony.

■ The evidence must be sufficient so that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988). Eyewitness testimony serves this purpose. *See Curry,* 79 F.3d at 1496 (testimony of crack cocaine buyers who testified pursuant to favorable plea agreements); *Kreiser,* 15 F.3d at 640 (eyewitness testimony of three DEA agents); *United States v. Lampkins,* 47 F.3d 175, 180 (7th Cir.) (testimony of drug buyers about "personal, direct experiences"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1440, 131 L.Ed.2d 319 (1995). In this case, Wimberly provided eyewitness testimony to the July 1994 incident; defense counsel during cross-examination pointed out that Wimberly gave statements inconsistent with other accounts of the incident, that he had previously been convicted of crimes, and that he had reasons to lie in this instance as well as an unreliable memory. Credibility determinations are left to the jury, however, especially where the witness was thoroughly cross-examined, and this court will not reweigh a witness's credibility. *See Curry,* 79 F.3d at 1496; *Wilson,* 31 F.3d at 514. Further, the police statements upon

---

1. The government's expert witness testified that crack users generally have only single or a few crack rocks at any one time. Long had ten rocks.

which Long relies were never introduced into evidence and Wimberly was the only witness to the July 1994 incident called to testify. According to the record, the evidence was sufficient to allow a jury to conclude, based on Wimberly's testimony, that the July 1994 incident occurred.

## D.

■ Long argues that in light of the dissimilarity between the July 1994 incident and the charged conduct, the insubstantiality of the evidence, and the amount of proof the government could introduce without using the July 1994 incident, the probative value of the evidence was outweighed by its prejudicial impact. " '[O]ur decisions have emphasized that most relevant evidence is, by its very nature, prejudicial, and that evidence must be *unfairly* prejudicial to be excluded. Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.' " *Curry,* 79 F.3d at 1496 (quoting *United States v. Pulido,* 69 F.3d 192, 201 (7th Cir. 1995)).

The evidence presented here was probative and not unfairly prejudicial. Long denied intent, so the government was justified in admitting other acts in order to satisfy its burden to prove specific intent. As discussed previously, the incident was sufficiently similar and the evidence substantive enough to support admission. Further, although the evidence was prejudicial it was not unduly prejudicial. Long believes that his character was assailed by associating him with burglarized goods and burglary suspects, but such an inference may have arisen even if the evidence of the July 1994 incident had been excluded. Wimberly, whom Long admittedly knew, also testified to his own

several theft and burglary convictions and drug use. Thus, the information that Long associated with bad characters was not attributable solely to testimony about the July 1994 incident.

Additionally, any prejudicial effect was limited by actions taken in court. The defense called its own witness, the investigating officer in the July 1994 incident, to clarify that Long did not know of the burglary and was not charged in that case. Most importantly, the court clearly cautioned the jury immediately after Wimberly was excused that his testimony about Long's other acts was to be considered only for the purposes of motive, intent, and knowledge, and it reiterated the caution in a final jury instruction.[2] Such limiting instructions mitigate the prejudicial impact of Rule 404(b) evidence. *Curry,* 79 F.3d at 1497; *Lampkins,* 47 F.3d at 180; *Wright,* 943 F.2d at 752.

## III.

The district court did not abuse its discretion in admitting evidence under Rule 404(b) that Long traded crack cocaine for stolen property in July 1994. The evidence was offered for a purpose other than illustrating Long's proclivity for selling drugs; it was similar in relevant characteristics to the crime charged; it was substantial enough for a jury to conclude that Long did in fact trade the cocaine for the property; and its prejudicial impact did not outweigh its probative value.

AFFIRMED.

2. After Wimberly was excused the court stated: Ladies and gentlemen of the jury, I want to caution you and I want you all to listen to me at this point in time. You have just heard evidence of acts of the defendant other than those acts for which he's charged here in this courtroom. Do you understand what I'm saying? You have heard evidence about other acts other than what he's charged for in this courtroom. You may consider that evidence of the defendant's alleged receipt of a stereo in exchange for crack cocaine in July of 1994 and the defendant's alleged prior dealings with Mr. Wimberly, only on the limited question of motive, intent, and knowledge, concerning the events alleged in this indictment. This evidence is to be considered by you only for those limited purposes. It is not evidence of the crime's [sic] charged in this case. Do you understand that?
The final jury instruction was substantially similar.