129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Jeffrey M. Maxwell, Defendant-Appellant,
 No. 97-1317.
 United States Court of Appeals, Seventh Circuit.
 Argued October 1, 1997.
Decided Oct. 28, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of Illinois
 
 
 2
 Before Hon. RICHARD A. POSNER, Chief Judge Hon. JESSE E. ESCHBACH, Circuit Judge Hon. JOHN l. COFFEY, Circuit Judge
 
 GILBERT
 
 3
 A jury convicted Jeffrey M. Maxwell of aiding and abetting co-defendant Hasan Snith in the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Maxwell appeals his conviction, arguing that the district court committed reversible error by admitting evidence of his prior marijuana purchases and sales. We affirm.
 
 
 4
 Defense counsel attempted to exclude the evidence of Maxwell's prior marijuana purchases and sales through an oral motion in limine. Counsel essentially argued that such evidence was not admissible under Federal Rule of Evidence 404(b), which prohibits the introduction of evidence of other crimes to prove the character of a person, unless such evidence proves motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. The Government maintained that the evidence was not excludable under Rule 404(b) and, besides, was admissible to demonstrate an association between Maxwell and Smith. The district court denied the motion without explanation, but reminded counsel that he could object when the evidence was proffered if the Government failed to lay a proper foundation.
 
 
 5
 Counsel nevertheless failed to object to the introduction of the evidence. Accordingly, Maxwell's conviction is reversible only upon a finding of plain error. See United States v. Lampkins, 47 F.3d 175, 179 (7th Cir.), cert. denied, 514 U.S. 1055, and cert. denied sub nom., 514 U.S. 1089 (1995); United States v. York, 933 F.2d 1343, 1360 (7th Cir.), cert. denied, 502 U.S. 916 (1991). To demonstrate plain error, Maxwell must show: (1) "error," (2) that the error is "plain," (3) that it "affec[ts] substantial rights," and (4) that it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano v. United States, 507 U.S. 725, 733-37 (1993) (internal quotations and citations omitted). "A plain error is one that results in an actual miscarriage of justice, which implies that the defendant probably would not have been convicted but for the erroneously admitted evidence." United States v. Kellum, 42 F.3d 1087, 1093 (7th Cir.1994) (internal quotations and citations omitted).
 
 
 6
 The Government contends that the evidence of Maxwell's prior marijuana dealings was properly admitted because it is "intricately related" to his involvement with Smith's sale of crack cocaine to Undercover Agent Brian Chapman. "Under the 'intricately related' doctrine, evidence of uncharged criminal activity is admissible, even if it does not satisfy the requirements of Fed.R.Evid. 404(b), if that evidence is 'intricately related to the facts of the case' before the court." United States v. Ramirez, 45 F.3d 1096, 1102 (7th Cir.1995), citing United States v. Hargrove, 929 F.2d 316, 320 (7th Cir.1991) (other citations omitted). In determining whether the "intricately related" doctrine applies, the question is whether:
 
 
 7
 the evidence is properly admitted to provide the jury with a 'complete story of the crime [on] trial,' ... whether its absence would create a 'chronological or conceptual void' in the story of the crime, ... or whether it is 'so blended or connected' that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime.
 
 
 8
 Ramirez, 45 F.3d at 1102 (internal quotations omitted).
 
 
 9
 The evidence of Maxwell's marijuana involvement was not needed to explain Maxwell's association with Smith. Smith testified that he had become acquainted with Maxwell while attending Southern Illinois University, and had known him for three years. Furthermore, it was undisputed that Maxwell picked up Smith in Rockford and drove him back to Carbondale, where the drug transaction occurred. Maxwell also admitted that he drove Smith to the Wal-Mart parking lot to meet with Chapman. The evidence of Maxwell's marijuana purchases and sales was therefore not necessary to provide a complete story of Maxwell's crime.
 
 
 10
 The Government alternatively contends that the evidence of Maxwell's marijuana dealings was properly admitted under Rule 404(b) to show his intent, knowledge, and lack of mistake with respect to the crack cocaine deal. This argument is also unconvincing.
 
 
 11
 We apply a four-part test to determine whether the district court erred in admitting Rule 404(b) evidence. See Lampkins, 47 F.3d at 179; United States v. Wilson, 31 F.3d 510, 514 (7th Cir.1994). Under this test, evidence of prior bad acts is admissible if:
 
 
 12
 (1) the evidence is directed toward establishing a matter in issue other than the defendant['s] propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the defendant[ ] committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice.
 
 
 13
 Lampkins, 47 F.3d at 179 (citations omitted).
 
 
 14
 We need not address whether the Government can satisfy the first prong of the test, as it is clear that the Government cannot satisfy the second prong. To satisfy the similarity requirement of the second prong, the Government must show that Maxwell's marijuana dealing is "similar enough" to the distribution of crack cocaine. "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." United States v. Long, 86 F.3d 81, 84-85 (7th Cir.1996) (citations omitted).
 
 
 15
 Maxwell's purchases of marijuana are not sufficiently similar to the sale of crack cocaine to satisfy the second prong of the test. United States v. Wright, 901 F.2d 68, 69-70 (7th Cir.1990) (evidence that defendant was a wholesale cocaine dealer was not admissible to show that he engaged in the retail sale of cocaine to an undercover agent and, therefore, was not properly admitted under Rules 402, 403, or 404(b)). In addition to the fact that different drugs are involved in these offenses, purchasing a drug for personal use is very different from selling it.
 
 
 16
 The evidence that Maxwell distributed marijuana is inadmissible because it fails to satisfy the second prong of the test. Selling marijuana and selling crack are not sufficiently similar "to be relevant to the matter at issue." The fact that Maxwell sold marijuana does not show that he also aided and abetted Hasan Smith in the distribution of crack cocaine.
 
 
 17
 Although the evidence of Maxwell's prior marijuana involvement was not properly admitted under the "intricately related" doctrine or Rule 404(b), the district court did not plainly err. Where a defendant's conviction is supported by sufficient evidence even without considering the challenged evidence, no plain error has occurred. Kellum, 42 F.3d at 1093-94. The evidence offered at trial overwhelmingly demonstrated that Maxwell aided and abetted Smith in the distribution of crack cocaine.
 
 
 18
 At trial, Maxwell admitted to knowing that Smith was a crack cocaine dealer. The day before the drug deal, both Maxwell and Smith purchased drugs at a friend's house in Rockford and then drove to Carbondale together. Smith testified that he told Maxwell about the deal to sell crack cocaine to Chapman, and tried to convince Maxwell to deliver the cocaine from Rockford to Carbondale.
 
 
 19
 The day of the drug deal, Maxwell had three telephone conversations with Chapman. The first time Chapman attempted to reach Smith, Maxwell answered the telephone and referred to Chapman by his first name before Chapman had even introduced himself. In a subsequent conversation, Maxwell declined to meet with Chapman and stated that Smith told him (Maxwell) to "hook it up.
 
 
 20
 Maxwell ultimately drove Smith to the Wal-Mart parking lot to meet with Chapman. When Maxwell parked the car, he pulled into the space next to the passenger's side of Chapman's truck, which had been backed into the parking space, and waited for Smith to get out of the car and into Chapman's truck. Maxwell then backed up, drove around to the driver's side of Chapman's truck, and backed into the space so that he was facing the parking lot.
 
 
 21
 After Smith and Maxwell were arrested, Agent Hathaway interviewed Maxwell. According to Hathaway, Maxwell said that he knew Smith was selling an illegal drug to Chapman that day. Although Maxwell attempted to explain this statement away, the jury reasonably could have determined that Hathaway's testimony was more credible.
 
 
 22
 Based on the foregoing evidence alone-apart from the evidence of Maxwell's marijuana purchases and sales-a reasonable jury could find that Maxwell was associated with the crack cocaine deal and knowingly facilitated it. See United States v. Reiswitz, 941 F.2d 488, 494 (7th Cir.1991) (The elements of aiding and abetting are: "association with the unlawful venture, knowing participation in it, and active contribution towards its success."); see also United States v. Gonzalez, 933 F.2d 417, 444 (7th Cir.1991) ("Knowledge and intent in narcotics cases often must be proved largely by circumstantial evidence.") (citation omitted). The district court's admission of Maxwell's prior marijuana dealings thus did not constitute plain error.[1] Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The district court's failure to give the jury a limiting instruction on this evidence likewise did not constitute plain error. See United States v. Gregory, 74 F.3d 819, 822 (7th Cir.1996) (failure to give a limiting instruction sua sponte on testimony regarding prior bad acts was not plain error); United States v. Badger, 983 F.2d 1443, 1453-54 (7th Cir.), cert. denied, 508 U.S. 928, and cert. denied sub nom., 510 U.S. 820 (1993) (noting that the judge had no reason to offer a limiting instruction on the Rule 404(b) evidence because the defendants did not object contemporaneously to the questioning)