NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 9, 2006
Decided January 23, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1677

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:05CR00068-001 |
| CHARLES A. BROWN,<br>  *Defendant-Appellant*. | Sarah Evans Barker,<br>*Judge*. |

**ORDER**

Charles Brown, a felon, was found guilty by a jury of possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  Brown challenges the admission of evidence under Federal Rule of Evidence 404(b) that he previously was convicted of domestic battery, a misdemeanor.  Although we find that the district court erred in admitting that evidence, we affirm his conviction because the error was harmless.

Just before midnight on March 7, 2005, Donald Hawk, a deputy sheriff in Marion County, Indiana, responded to a 911 dispatch regarding a break-in at the apartment of April Propes, a former girlfriend of Brown.  As Deputy Hawk shined his flashlight through the broken glass in the back door of the apartment, he saw someone in dark clothing moving through the apartment.  Hawk entered the

apartment, then saw a man, later identified as Brown, exit a bedroom wearing a t-shirt and boxer shorts. Propes, who had hidden in her locked bedroom with her two-year-old daughter, Anha, after calling 911, opened her bedroom door once she realized that the police had arrived. Deputy Hawk asked Propes whether Brown was supposed to be there, and she said no.

Propes and Brown lived together previously, and Brown fathered Anha. The romantic relationship had ended in 2003, but in February 2005 Propes allowed Brown to stay at her apartment temporarily. Brown, though, reneged on a promise to pay some expenses, so Propes told him to move out and he did. Brown broke into the apartment approximately one week later.

When Propes told Deputy Hawk that Brown was not supposed to be in her apartment, Hawk placed Brown under arrest. As Brown got dressed, Hawk noticed a handgun case among his clothing, which prompted a search. He found a knife case, a rope, a pair of gloves, and a loaded gun; the gun was found in a crib in the bedroom from which Brown emerged after Hawk had entered the apartment. Propes had not seen any of these items before and did not know how they got into her apartment.

Brown was charged with possessing the gun in violation of § 922(g)(1). At trial he stipulated that he is a felon and that the gun in question had traveled in interstate commerce, leaving for the jury to decide only whether he possessed the gun. *See* 18 U.S.C. § 922(g)(1); *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir. 2001). Prior to trial the government gave notice that it would seek to introduce evidence of Brown's prior misdemeanor conviction for domestic battery, which stemmed from a physical attack on Propes in August 2003. The government argued that this conviction helped establish Brown's motive for possessing the gun as well as his intent, and the district court ruled the evidence admissible.

At trial, in addition to describing the night of the break-in as related above, Propes testified that in August 2003 Brown had tried to force her off the road with his car, then grabbed her, scratched her, pulled her hair, and tore her clothing. The government introduced a record documenting that Brown had been convicted of domestic battery, a misdemeanor, in connection with that episode. The district court overruled Brown's renewed objection and admitted the evidence but with a limiting instruction that the jury should consider the evidence of the conviction only to the extent it might help show "the defendant's intent or his motive or his knowledge or the absence of mistake" in connection with the charged offense.

The defense called only one witness at trial. Brown's brother, Anthony Bellamy, testified that he knew that the rope and gloves belonged to Brown because

Brown had used the items on the day of the break-in or possibly the day before to help Bellamy move some furniture. The jury ultimately found Brown guilty.

Brown's sole claim on appeal is that the district court erred by admitting the evidence of his prior conviction for domestic battery. Rule 404(b) provides that evidence of prior bad acts may be admissible to prove motive or intent, among other things, but not to prove a defendant's propensity to commit the charged offense. Such evidence is admissible only if it (1) helps establish a matter in issue, (2) is similar enough and close enough in time to the charged offense to be relevant, (3) is sufficient for the jury to find by a preponderance that the defendant committed the prior act, and (4) is not unfairly prejudicial. *See United States v. Sebolt*, 460 F.3d 910, 916 (7th Cir. 2006); *United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005). Brown apparently concedes that his misdemeanor conviction meets the third prong of this test, but he argues that it fails to meet the first, second, and fourth. We agree with Brown that this test cuts in his favor, and the district court should therefore have excluded the evidence of his prior conviction.

With respect to the first prong, the government needed to show that Brown's altercation with Propes in 2003—which did not involve a gun—was relevant to his motive or intent to possess a gun more than a year-and-a-half later. Although evidence of a prior crime may sometimes be relevant in establishing a motive to possess a firearm, *see, e.g.*, *United States v. Joy*, 192 F.3d 761, 768 (7th Cir. 1999), the connection between the prior crime and the gun possession is too attenuated in this case. In *Joy*, for example, the defendant committed a burglary hours before his arrest for possession of a firearm, and there was evidence that he possessed the gun during the burglary. *Id.* We held that evidence connecting the defendant to the burglary was relevant in establishing his motive and knowing possession of the gun. *Id.* But in Brown's case the gun possession and the prior crime were separated by eighteen months rather than a few hours, and Brown did not have a gun when he assaulted Propes. We are therefore unpersuaded that the prior crime tends to show motive or intent or anything other than Brown's propensity to commit violent crime.

The second prong of our analysis under Rule 404(b) requires that the prior bad act be sufficiently close in time and character to the charged offense. *See Sebolt*, 460 F.3d at 916, *Macedo*, 406 F.3d at 793. Here, the misdemeanor domestic battery and the gun possession—separated by eighteen months—were relatively close in time, *see, e.g.*, *United States v. Puckett*, 405 F.3d 589, 596-97 (7th Cir.) (six years), *cert. denied*, 126 S. Ct. 252 (2005); *United States v. Tringali*, 71 F.3d 1375, 1379 (7th Cir. 1995) (nine years), but they are too dissimilar to satisfy this prong. Arguing to the contrary, the government contends that both the prior crime and the break-in were "crimes of violence" that prompted Propes to call the police, but the relevant question is whether the physical assault and the *gun possession*—not the

break-in—are similar enough.  Brown did not have a gun when he physically assaulted Propes, and he did not physically assault Propes on the night that he possessed the gun.  Although the prior act need not be a duplicate of the charged offense, *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996), Brown's crimes are too dissimilar given that the only common characteristic linking them is that Propes was the victim of the first crime and was present during the second.

Under the fourth prong, evidence will only be admitted if it is not unfairly prejudicial.  The evidence of Brown's prior misdemeanor was unfairly prejudicial because, as discussed above, it showed only a propensity for violence and was not probative of any matter in issue.

Nevertheless, we affirm Brown's conviction because the district court's error was harmless.  "The test for harmless error is whether, in the mind of the average juror, the prosecution's case would have been significantly less persuasive had the improper evidence been excluded." *See United States v. Owens*, 424 F.3d 649, 656 (7th Cir. 2005) (internal quotation marks omitted).  Here, the prior conviction adds very little to the disturbing facts of the case that were proved at trial, and a rational jury would have convicted Brown even without the evidence of the prior crime. *See* Fed. R. Crim. P. 52(a); *United States v. Brown*, 250 F.3d 580, 586 (7th Cir. 2001).  Deputy Hawk and Propes both testified that Brown broke into Propes's apartment late at night.  When Hawk entered the apartment, he saw Brown leaving a bedroom in which Hawk later found a handgun case and a gun.  Propes confirmed that Brown was walking out of that bedroom when Hawk entered the apartment.  Only Propes and her young daughter lived in the apartment, and Propes had never seen the gun before.  In addition to the gun and gun case, police recovered a knife case, a rope, and a pair of gloves.  Brown's own brother testified that the rope and gloves belonged to Brown.  A rational jury would have convicted Brown of possessing the firearm based on this overwhelming evidence.

AFFIRMED.