United States Court of Appeals,

Eleventh Circuit.

No. 95-4407.

UNITED STATES of America, Plaintiff-Appellee,

v.

Pedro Nel Cardozo VELOZA, a/k/a Pedro Nel Cardozo-Veloza, Defendant-Appellant.

May 21, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-599 CR-KMM), K. Michael Moore, Judge.

Before CARNES and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

BARKETT, Circuit Judge:

Pedro Nel Cardozo Veloza appeals his sentence following his guilty plea to importation of heroin. Veloza argues that the district court erred in refusing to grant a downward adjustment based upon his minor role in the offense under U.S.S.G. § 3B1.2, and a downward departure based upon his status as a deportable alien under U.S.S.G. § 5K2.0.

Veloza arrived at Miami International Airport on a flight from Colombia. During a Customs inspection, officials discovered 799.2 grams of heroin hidden in the lining of two ski jackets found in Veloza's luggage. Veloza admitted that he owned both the jackets and the luggage. He stated that he had purchased the ski jackets used to conceal the drugs in Bogota and that he had packed the luggage, containing the heroin, himself. He further stated that he knew that an illegal substance was "hiding inside the jackets" although he thought it was 500 grams of cocaine. Veloza carried $2,000 in cash and his ticket had been paid in cash. At

sentencing, he moved for a downward adjustment asserting that he played only a minor role in the offense. He also moved for a downward departure based upon his status as a deportable alien because he would serve a longer and harsher sentence than a U.S. citizen. The district court denied both motions and sentenced him to seventy months incarceration.

In Sentencing Guidelines cases, we review the district court's findings of fact for clear error and its legal conclusions *de novo.* *United States v. Rojas,* 47 F.3d 1078, 1080 (11th Cir.1995).

Veloza argues that the district court clearly erred in concluding that he was not entitled to a downward adjustment for playing a minor role under the facts presented in this case and in suggesting that he might not have been entitled to the reduction because he was a courier and therefore was "essential" to the importation offense. Veloza contends that he should not have been precluded from receiving a downward adjustment merely because he was a courier or "mule." Although we agree with Veloza that the act of transporting illegal drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on his role in the offense, we conclude that the district court did not clearly err in denying an adjustment based on the evidence, or lack thereof, presented in this case.

The fact that Veloza was a courier who carried drugs into the U.S. does not alone establish that he was a minor participant in the conspiracy. *United States v. Cacho,* 951 F.2d 308, 310 (11th Cir.1992). By the same token, the fact that a courier plays an

essential role in an importation scheme does not alone necessarily preclude him from receiving a reduction for a minor role either. Indeed, the guidelines provide as much. They recognize two levels of participation that warrant a downward adjustment, minimal and minor, *see* U.S.S.G. § 3B1.2, and define minimal as the least culpable category and minor as more culpable than minimal, but less culpable than most other participants. *See* U.S.S.G. § 3B1.2, comment. (n.3). The guidelines provide that a minimal participant receive a four-level reduction, while a minor participant may receive only a two-level reduction. *Id.* Yet the guidelines provide that it is appropriate to grant the larger reduction for the lesser *minimal* participant "in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." *See Id.,* comment. (n.2). If the guidelines foresee granting a four-level reduction to a courier as a less-culpable minimal participant, they certainly do not foreclose granting a two-level reduction to a courier as a minor participant. Nevertheless, based on the evidence in this case, the district court's factual finding that Veloza did not play a minor role was not clearly erroneous.

Second, Veloza contends that the district court erred in refusing to grant a downward departure based on his status as a deportable alien. Veloza argues that, because he is a deportable alien, he will be ineligible to serve his sentence in a minimum security facility and ineligible for a halfway house during the last part of his sentence, making his sentence harsher than that of a citizen. We adopt the Second Circuit's rationale in *United*

*States v. Restrepo,* 999 F.2d 640 (2nd Cir.1993). There, the Second Circuit "decline[d] to rule that pertinent collateral consequences of a defendant's alienage could not serve as a basis for departure if those consequences were extraordinary in nature or degree[,]" but held that "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of the sentence, and (3) the effect of deportation as banishment from the United States and separation from family" were consequences of a defendant's alienage that did not warrant a departure. *Id.* at 644. Based on the reasoning of *Restrepo,* we find that the district court did not err in denying Veloza's motion for a downward departure.

For the foregoing reasons, we AFFIRM the district court.