**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 97-4076

_____

D.C. Docket No. 96-646-CR-LCN


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHADIJAH S. CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 1998)**

Before HATCHETT, Chief Judge, RONEY and LAY[*], Senior Circuit Judges.

HATCHETT, Chief Judge:

_____

[*] Honorable Donald P. Lay, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

The district court sentenced appellant Khadijah Campbell to thirty-seven months of imprisonment after she pleaded guilty to importation of cocaine. Campbell now challenges the district court's holding that she was not entitled to a mitigating role adjustment. Because we find that the district court's reliance upon Campbell's status as a drug courier may have improperly motivated its decision, we vacate and remand for resentencing.

## BACKGROUND

On July 21, 1996, Khadijah Campbell arrived at Miami International Airport aboard an American Airlines flight from Jamaica. Upon Customs Service examination, Campbell acknowledged ownership of a cardboard box containing three bottles labeled "Jamaican Rum." Customs officials arrested Campbell when a field test of the contents of the bottles revealed the presence of cocaine. A subsequent laboratory analysis indicated that the bottles contained a total of 889.2 grams of cocaine.

Prior to sentencing, Campbell submitted a letter to the district court further explaining her offense conduct. Campbell stated that a friend put her in touch with a man named "Jeff" who offered to pay her one thousand dollars if she would travel to Jamaica and carry some bottles back to the United States. Although Campbell did not know that the bottles contained cocaine, she knew that she would be transporting illegal drugs. Campbell, a single mother, explained that she accepted Jeff's offer out of financial desperation. Jeff made Campbell's airline and hotel reservations and paid for her expenses. When Campbell arrived at the airport in Jamaica, another man apparently

recognized her clothing and transported her to the hotel.  On the day she left Jamaica, the same man drove Campbell back to the airport and gave her a totebag containing the "Jamaican Rum" bottles.

Campbell pleaded guilty to importation of a controlled substance in violation of 21 U.S.C. § 952(a).  In the Presentence Investigation Report (PSI), the probation office set Campbell's base offense level at twenty-six.  The probation office deducted two points from Campbell's offense level because she satisfied the criteria for the "safety valve" provision in U.S.S.G. § 5C1.2.  In addition, Campbell received a three-point downward adjustment for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The probation office did not, however, recommend a mitigating role adjustment under U.S.S.G. § 3B1.2.[**]  Prior to sentencing, Campbell filed an objection to the PSI on this basis.  At the sentencing hearing, Campbell again raised this objection and requested a mitigating role adjustment.  Defense counsel argued that Campbell should receive the adjustment because she was recruited as a courier for a single smuggling transaction.  Defense counsel emphasized that Campbell had not participated in planning the importation scheme, did not know anything other than the first names of the other actors, and had not been involved in packaging or storing the drugs.  The government argued that

---

[**] The Sentencing Guidelines contemplate a four-level reduction for a "minimal" participant in a criminal offense, such as "where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs."  U.S.S.G. § 3B1.2, comment. (n.2) (1995).  A "minor" participant, one who establishes that he is "less culpable than most other participants," may receive a two-level reduction.  U.S.S.G. § 3B1.2, comment. (n.3) (1995).

3

the ultimate issue was Campbell's culpability.  Because she knowingly imported

narcotics, the government contended that Campbell's role in the offense could not be

classified as "minimal" or "minor."

After hearing arguments, the district court declined to grant Campbell a mitigating

role adjustment, stating:

> Now, Miss Campbell, I've reviewed your employment record, and unlike many people that come before me, who come from very poor circumstances in a foreign country and have no opportunity to work, you have had numerous opportunities to work and be gainfully employed.  And despite that, you went down to a foreign country, knowing that you were going to be asked to bring back some drugs for a certain amount of money.

> And although you are sorry, it is my view that persons who leave this country, knowing that they are going to be asked to bring back something illegal for money, should not receive a minor role adjustment because persons, like yourself, are a necessary link in transporting drugs into the country.  And you had to have a certain amount of intent to import, bring the drugs into the country, knowing that they were going to be distributed.  And, therefore, even by your own statement, you are aware of that.

> And so, therefore, I find that you are a minor link, but an important link.  And so, therefore, you are not entitled, in my view, to a minimal or minor role participant adjustment.

This appeal followed.

## DISCUSSION

Campbell had the burden of proving, by a preponderance of the evidence, that she

was entitled to a mitigating role adjustment.  United States v. Gates, 967 F.2d 497, 501

4

(11th Cir.), cert. denied, 506 U.S. 1011 (1992). A sentencing court's determination of a defendant's role in an offense is a factual finding reviewed for clear error. United States v. Reid, 69 F.3d 1109, 1116 (11th Cir. 1995), cert. denied, 116 S. Ct. 1866 (1996). A district court's legal conclusions in sentencing guidelines cases are reviewed de novo. United States v. Veloza, 83 F.3d 380, 381 (11th Cir. 1996).

The district court denied Campbell's request for a mitigating role adjustment for two reasons. First, the court noted that Campbell had forgone job opportunities and knowingly imported drugs for money, thus making her more culpable than others "who come from very poor circumstances in a foreign country and have no opportunity to work . . . ." This consideration was improper because it appears to relate solely to Campbell's status as a drug courier. Second, the court found that Campbell was "not entitled to a [mitigating role] adjustment" because, as a courier, she was "a minor link, but an important link" in a drug smuggling scheme. The court definitively concluded that people who knowingly leave the country to import drugs should not receive mitigating role adjustments. This consideration was improper because it relates solely to Campbell's status as a drug courier. See Veloza, 83 F.3d at 381-82 ("[T]he act of transporting drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on [her] role in the offense.").

Therefore, the district court relied on improper factors in denying Campbell's request for a mitigating role adjustment.

For the foregoing reasons, we vacate the judgment and remand to the district court

for resentencing.

**VACATED and REMANDED.**