[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13316
Non-Argument Calendar

_____

D. C. Docket No. 04-20807-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAKEESHA LAHOUD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 27, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Lakeesha Lahoud appeals her 70-month sentence imposed following her

guilty plea to conspiring to possess with intent to distribute cocaine, marijuana, and MDMA (ecstasy), 21 U.S.C. § 841(a)(1). On appeal, Lahoud argues that the district court incorrectly believed that it did not have the authority to grant a downward departure on the basis of the collateral consequences of her alienage. Lahoud reads our decision in United States v. Veloza, 83 F.3d 380 (11th Cir. 1996), overruled on other grounds, United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc), to allow for such a departure under extraordinary circumstances, which she claims to be present in her case. Lahoud asserts that if the district court believed it had any discretion at all regarding a downward departure on the basis of the collateral consequences of alienage, then it would not have mentioned Veloza during the sentencing hearing.

We do not have authority to review a district court's denial of a downward departure from the advisory guideline range unless the district court incorrectly believed that it lacked the authority to do so. United States v. Winingear, 422 F.3d 1241, 1245–46 (11th Cir. 2005). We review de novo whether a district court erred in concluding that it lacked discretion. United States v. Hansen, 262 F.3d 1217, 1255 (11th Cir. 2001).

In Veloza, we held that an alien's ineligibility to serve her sentence in a minimum security facility and ineligibility for a halfway house near the end of her

sentence did not justify a downward departure. Veloza, 83 F.3d at 382. We adopted the rationale of United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993), where the Second Circuit declined to hold that extraordinary collateral consequences of alienage could never be a grounds for a downward departure, but did hold that unavailability of preferred conditions of confinement, the possibility of an additional period of detention pending deportation, and the effect of deportation as banishment from the United States and separation from family did not justify a downward departure. Veloza, 83 F.3d at 382. We have since criticized Veloza's dicta regarding the possibility that extraordinary collateral consequences of alienage might be grounds for a downward departure. United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003). In Maung we noted that, "[n]o decision to which we have been directed, or that we have found, has upheld a downward departure based upon collateral consequences related directly or indirectly to the defendant's status as an alien." Id. We reversed such a departure in the Maung case itself.

The district court correctly stated that "the collateral consequences that a defendant faces because of being a deportable alien generally do not support a departure." It then explained, as a precautionary matter: "To the extent that Veloza allows some room for a departure in a particular case, I exercise my discretion in

3

this case and decide not to depart."  We are without the authority to review this exercise of discretion.

**AFFIRMED.**