[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14777
Non-Argument Calendar

_____

D. C. Docket No. 08-00092-CR-T-23MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO TELLES-MILTON,

Defendant-Appellant.

_____

No. 08-14954
Non-Argument Calendar

_____

D. C. Docket No. 08-00092-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGARDO FRANCISCO MARTINEZ-CASTILLO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 1, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Telles-Milton appeals his 135-month sentences for conspiracy to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a),(b),  21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.  Edgardo Francisco Martinez-Castillo appeals his 168-month sentences for the same offenses.

On appeal, Telles-Milton argues that he was entitled to a minor-role reduction, contending that: (1) the district court's consideration of relevant conduct was flawed; (2) the court erroneously believed that the large amount of drugs involved in the offense precluded a reduction; (3) the court erroneously believed it was not authorized to deviate from a 135-month sentence; and (4) the court frustrated the intent of Congress and the Sentencing Commission expressed in Amendments 640 and 668 by denying him the reduction.  He also argues that his

sentences are unreasonable, because as a "deportable alien" he will not qualify for certain preferential conditions of confinement and also because the court procedurally erred by taking a "lock-step" approach to his sentences.

Martinez-Castillo contends that his sentences are unreasonable because the court did not consider his mitigating arguments, including his argument that he should receive the same sentence as Telles-Milton. He also contends that the court violated 18 U.S.C. § 3553(c) by failing to provide an adequate explanation for his sentences.

## I. Minor-Role Reduction

A district court's determination of a defendant's role in an offense constitutes a factual finding to be reviewed only for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, beyond a preponderance of the evidence, that he is entitled to a role reduction. Id. at 939.

The Sentencing Guidelines provide for a two-level reduction for a minor participant, which is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 and comment. (n. 5). The district court applies a two-part analysis to determine whether to award a downward adjustment. De Varon, 175 F.3d at 940-41. "First,

3

and most importantly, the district court must measure the defendant's role against the relevant conduct for which []he was held accountable at sentencing; we recognize that in many cases this method of analysis will be dispositive." Id. at 945. Although a co-conspirator who was only a minor participant in the conspiracy may be eligible for a role reduction, he would not be entitled to a reduction "where the relevant conduct attributed to [him] is identical to h[is] actual conduct." Id. at 941. Therefore, a co-conspirator does not establish eligibility for a role reduction merely "by pointing to some broader criminal scheme in which []he was a minor participant but for which []he was not held accountable." Id. "Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. at 945.

Amendment 640 to the Sentencing Guidelines modified § 2D1.1 to provide a maximum base offense level of 30 for defendants who receive a mitigating role reduction pursuant to § 3B1.2. See U.S.S.G. Amend. 640. The purpose of this change was to limit the sentencing impact of a high drug quantity on a defendant with a lower degree of individual culpability. See id., Reason for Amendment. Amendment 668 further modified § 2D1.1 regarding the calculation of base offense levels for defendants who receive a mitigating role reduction pursuant to

4

§ 3B1.2. <u>See</u> U.S.S.G. Amend. 668. The purpose of this change was to "address proportionality concerns arising from the 'mitigating role cap,'" by providing for graduated reductions depending on the drug quantity involved. <u>See</u> <u>id.</u>, Reason for Amendment.

First, because Telles-Milton was held accountable only for his actual conduct, the district court did not clearly err by denying him a minor-role reduction. Here, Telles-Milton was convicted of charges related to possession of 587 kilograms of cocaine, and this was identical to his actual conduct. Second, because the court did not deny the reduction based on its belief that a large amount of drugs would preclude a minor-role reduction, we decline to address the propriety of that assertion. Third, the record does not support Telles-Milton's claim that the court believed it was not authorized to deviate from the 135-month guidelines sentence. See Sentencing Hearing at 13 (indicating that court had considered the relevant factors, including the applicable guidelines range, and concluded that a 135-month sentence would be appropriate given those factors). Finally, because Telles-Milton was not entitled to a minor-role reduction, the policies set forth in Amendments 640 and 668 to the Sentencing Guidelines are not relevant.

## II.  Reasonableness of the Sentences

In United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." In doing so, we "merely ask[] whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation removed). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. Id.

Pursuant to Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), appellate review for reasonableness is a two-step process. Pugh, 515 F.3d at 1190. First, we "must . . . ensure that the district court committed no significant procedural error." Id. (quotation omitted). Second, we must consider the substantive reasonableness of the sentence. Id.

Section 3553(a) provides that district courts must consider: (1) the applicable Guidelines range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(6). "The weight to be accorded any given § 3553(a) factor

is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). This Court has recognized that "the use of the Guidelines remains central to the sentencing process" and stated that "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 787-88.

Under our precedent, "the fact a defendant's status as an alien renders him ineligible to serve any part of his sentence in a halfway house [or minimum security prison] does not justify a downward departure." United States v. Maung, 320 F.3d 1305, 1309 (11th Cir. 2003) (citing United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), overruled on other grounds by De Varon, 175 F.3d 930). We have noted that we are not aware of any case in which we have "upheld a downward departure based upon collateral consequences related directly or indirectly to the defendant's status as an alien." Id. at 1308.

In imposing Telles-Milton's sentences, the court stated that it had considered the guidelines and the § 3553(a) factors, and it explicitly discussed the seriousness

7

of the offense, the need to promote respect for the law, and the need to protect the public. In addition, the court expressly considered and rejected Telles-Milton's argument that his status as a deportable alien merited a downward variance, and, in light of our precedent, the district court's conclusion was not an abuse of discretion. Therefore, Telles-Milton's sentences are reasonable.

Martinez-Castillo's sentences are also reasonable. In imposing Martinez-Castillo's sentences, the court stated that it had considered the facts of this individual case, the purposes of sentencing, the § 3553(a) factors, and the sentences imposed for similarly-situated defendants. Given Martinez-Castillo's role as the boat's captain, the disparity between his sentences and Telles-Milton's is not unwarranted.

### III. Explanation of Reasons

"The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed <u>de novo</u>, even if the defendant did not object below." <u>United States v. Bonilla</u>, 463 F.3d 1176, 1181 (11th Cir. 2006).

Pursuant to § 3553(c), the district court must "state in open court the reasons for its imposition of the particular sentence." If the sentence is within the guideline range, and that range exceeds 24 months, the court must describe "the reason for imposing a sentence at a particular point within the range." 18 U.S.C.

8

§ 3553(c)(1).

A sentencing court is not required to "incant the specific language used in the guidelines" or "articulate its consideration of each individual § 3553(a) factor," so long as the record reflects the court's consideration of many of those factors. Bonilla, 463 F.3d at 1182. When determining whether a sentencing court's statement of reasons satisfies § 3553(c)(1), we are not limited to reviewing the court's closing remarks. United States v. Parrado, 911 F.2d 1567, 1573 (11th Cir. 1990). Rather, we have reviewed the entire sentencing hearing transcript and have based our determination on "what transpired, taken together with the court's closing remarks . . . ." Id.

In Bonilla, the district court allowed the parties to make arguments regarding the relevant § 3553(a) factors, heard the defendant's statement of remorse, and, in imposing a sentence at the low end of the guidelines range, stated its belief that the sentence complied with the Guidelines and accounted for the § 3553 factors. 463 F.3d at 1181. We concluded that the district court had complied with § 3553(c)(1) because it was obvious that the court had considered many of the § 3553(a) factors. Id. at 1182.

Here, the district court invited the parties to discuss the relevant § 3553(a) factors, provided the defendant with an opportunity to speak on his own behalf,

noted that the offense involved a large amount of high-quality cocaine, indicated that it had considered the case "on its own facts" and Martinez-Castillo "on his . . . own merits," and discussed the need to avoid unwarranted sentencing disparities. Thus, it is clear from the record that the court considered many of the § 3553(a) factors before imposing the sentences, and it therefore complied with § 3553(c)(1).

Upon review of the record and consideration of the parties' briefs, we affirm the defendants' sentences.

**AFFIRMED.**[1]

---

[1] The Government's motion to strike Telles-Milton's addendum to his reply brief is GRANTED.