[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14064
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00053-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIA BARRIOS-IPUANA,
a.k.a. Chema Bala,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jose Maria Barrios-Ipuana ("Barrios-Ipuana") appeals from his 240-month

concurrent sentences for (1) conspiracy to distribute and to possess with intent to

distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 3238; (2) aiding and abetting the possession with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 3238; and (3) conspiracy to distribute 5 kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 960(b)(1)(B)(ii), 963, and 18 U.S.C. § 3238. On appeal, Barrios-Ipuana argues that his sentences are procedurally and substantively unreasonable. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an

2

explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court is not required to discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356. Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, such as the case is here,

> doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

Id. at 356-57.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. There is a "range of reasonable sentences from which the district court may choose," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Id. While a sentence within the guideline range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted).

In the context of binding Guidelines, we have said that "the fact a defendant's status as an alien renders him ineligible to serve any part of his

4

sentence in a halfway house [or minimum security facility] does not justify a downward departure." United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003); United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), overruled on other grounds by United States v. Campbell, 181 F.3d 1263, 1264 (11th Cir. 1999). In Maung we noted that we were not aware of any case in which we have "upheld a downward departure based upon collateral consequences related directly or indirectly to the defendant's status as an alien." See Maung, 320 F.3d at 1308.

Here, the district court did not procedurally err by failing to consider his argument with respect to the need to avoid unwarranted sentencing disparities and by failing to adequately explain its sentence. As the record shows, the court indicated that it had read Barrios-Ipuana's sentencing memorandum, which contained the sentencing disparity argument, listened to his argument at sentencing, and recognized that "the need to avoid unwarranted sentence disparities between Defendants with similar records who have been found guilty of similar conduct" was a factor it needed to consider. The court then found that "[t]aking into account everything, including his age, in my judgment . . . a sentence of 20 years, 240 months, is more than a reasonable sentence." The record, therefore, indicates that the court listened to and considered Barrios-Ipuana's

5

argument regarding sentencing disparities, and simply found his argument insufficient to warrant a downward variance. See Rita, 551 U.S. at 356-58.

Moreover, all that is required is that the court set forth enough to show that it considered the parties' arguments and had a reasoned basis for its sentence. See id. at 356. The district court found that this was a crime of great magnitude given the massive amount of drugs involved, it found that Barrios-Ipuana did not present unique circumstances in terms of the other defendants from Colombia who had appeared before it, and it was primarily concerned with promoting respect for the law, providing just punishment, and deterring others from criminal conduct. The court also stated that the sentence was reasonable and sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Because the court determined that Barrios-Ipuana's case was typical and sentenced him within the guideline range, a lengthier explanation was not necessary. Id. at 356-57.

Barrios-Ipuana's sentence also is substantively reasonable. Barrios-Ipuana has not shown that the court committed a clear error in judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences given the facts of his case. See Pugh, 515 F.3d at 1191. Indeed, the court determined that Barrios-Ipuana's history and characteristics were not unique compared to other defendants from Colombia who appeared before it. In addition,

6

the court took into account the need to avoid unwarranted sentence disparities, but found that this factor actually cut against Barrios-Ipuana. Moreover, given our precedent regarding departures based upon collateral consequences related to a defendant's alien status, the court did not commit a clear error in judgment in failing to give this factor more weight than it did, nor would it have been an abuse of discretion if the court chose to give this factor no weight. See Maung, 320 F.3d at 1308. In short, based on the amount of drugs involved in this case and Barrios-Ipuana's admitted aggravated role, a within-range sentence of 240 months' imprisonment was not outside the range of reasonable sentences.[2]

Accordingly, we affirm his sentences.

**AFFIRMED.**

---

[2] With respect to the argument in Barrios-Ipuana's reply brief that the offense facts in the PSI, as repeated in the government's brief, were unfair and overrepresented his role, he did not make this argument in his initial brief and, therefore, has waived the issue. United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004). In any case, Barrios-Ipuana waived all factual objections at sentencing, even after the government made an equally aggressive factual argument.